UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| CYNTHIA DEMAINE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 4:17 CV 2403 RWS |
| | ) |
| MIDWEST INVESTMENT SERVICES | ) |
| GROUP, INC. D/B/A JOYCE | ) |
| FACTORY DIRECT OF ST. LOUIS, | ) |
| | ) |
| Defendant. | ) |

# MEMORANDUM AND ORDER

Defendant Midwest Investment Services Group ("Midwest") moves to dismiss Cynthia DeMaine's action against it on the grounds that DeMaine has split two claims that should be brought in a single action. Midwest argues that DeMaine's entire 10-month employment should be considered the same transaction or occurrence. DeMaine responds that the two claims are based on different transactions and are independent of each other regarding evidence to be presented and damages sought. I find that the two claims arise out of different transactions and occurrences. Accordingly, I will deny Midwest's motion to dismiss.

**Background**

On April 29, 2016 DeMaine filed a class action in Circuit Court of St. Louis County, Missouri, seeking declaratory judgment, unpaid commissions, and attorneys' fees under state law claims. DeMaine alleges that Midwest paid commissions that failed to fully compensate class members for their sales. The petition named her as the class representative.

On August 3, 2016, DeMaine filed a Charge of Discrimination with the Equal Employment Opportunity Commission and the Missouri Human Rights Council, alleging that Midwest had created a hostile work environment based on her gender. DeMaine alleges that her supervisors repeatedly harassed her through degrading statements about her gender, that she was "often and continually singled out as an example in sales meetings while pointing to her gender," and that these acts made her working environment unbearable. [ECF Doc. No. 1, p. 3.] After the EEOC issued a Right to Sue Letter, DeMaine filed this gender discrimination action in this court. She alleges that she was terminated and discriminated against due to her gender and in retaliation for complaining about harassment at work.

**Standard of Review**

In ruling on a motion to dismiss, I must accept as true all factual allegations in the complaint and view them in the light most favorable to the plaintiff. Hager v. Ark. Dept. of Health, 735 F.3d 1009, 1013 (8th Cir. 2013). The federal rules

require only a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). An affirmative defense may be asserted to prove that the pleader is not entitled to relief, if that defense is "apparent on the face of the complaint, . . . which may include public records and materials embraced by the complaint." Noble Sys. Corp. v. Alorica Cent., LLC, 543 F.3d 978, 983 (8th Cir. 2008) (internal citations omitted). Claim splitting is one such affirmative defense that is a form of claim preclusion or res judicata. See Friez v. First American Bank & Trust of Minot, 324 F.3d 580, 581 (8th Cir. 2003). Res judicata, in turn, "is a substantive issue in a diversity case and is controlled by state law." Butts v. Evangelical. Lutheran Good Samaritan Soc., 852 F.Supp.2d 1139, 1144 (D.S.D. 2012) (citing Hillary v. Trans World Airlines, Inc., 123 F.3d 1041, 1043 (8th Cir.1997). Accordingly, I will use Missouri state law to determine if DeMaine has improperly split her claims, and if she has stated a claim upon which relief can be granted.

## Analysis

Under Missouri law, the test for identifying claim splitting is "(1) whether separate actions brought arise out of the same act, contract or transaction; or (2) whether the parties, subject matter and evidence necessary to sustain the claim are the same in both actions." Hutnick v. Beil, 84 S.W.3d 463, 466 (Mo. App. E.D. 2002). For purposes of this test, the word "transaction" means the "aggregate of all

3

the circumstances which constitute the foundation for a claim." Burke v. Doerflinger, 695 F.2d 1103, 407 (Mo. App. 1983). "It also includes all of the facts and circumstances out of which an injury arose." Id. "What factual grouping constitutes a 'transaction'. . . [is] to be determined pragmatically." Poe v. John Deere Co., 695 F.2d 1103, 1106 (8th Cir. 1982) (interpreting Missouri Law). In making that determination, I should consider "whether the facts are related in time, space, origin, or motivation, whether they form a convenient trial unit, and whether their treatment as a unit conforms to the parties' expectations or business understanding or usage." Id.

Midwest cites three cases to prove that DeMaine's ten-month employment relationship itself constitutes "the transaction" for purposes of claim splitting. The case that chiefly stands for this proposition is a Tenth Circuit case, Wilkes v. Wyoming Department of Employment Division of Labor Standards, 314 F.3d 501 (10th Cir. 2002). In Wilkes, the court held that "all claims arising from the same employment relationship constitute the same transaction or series of transactions for claim preclusion purposes." Id. at 504. Accordingly, the court found that Wilkes' Equal Pay Act claim (alleging that women were paid less than men at the Wyoming Department of Employment) and her Title VII retaliation claim (alleging that Wilkes was harassed for reporting an improper workplace relationship) were a single claim for the purposes of res judicata.

The other two cases that Midwest cites for this proposition are district court cases in the Eighth Circuit. First, in MacIntyre v. Lender Processing Servs., No. 12-1514 (PAM/SER), 2012 WL 4872678, (D. Minn. Oct. 15, 2012), the district of Minnesota found that an employee's claims—for unpaid bonuses and for gender discrimination in promotions, pay, and severance packages—were improperly split. Id. at *2. In reaching that conclusion, the court never defined the scope of the "transaction" for claim splitting purposes. In another case, the Missouri Court of Appeals found that a property owner's claims—for defamation, deprivation of constitutional rights, and trespassing—arose out of the same act, contract, or transaction. Jordan v. Kan. City, 929 S.W.2d 882, 887 (Mo. App. W.D. 1996). In Jordan, the plaintiff had sued the city's Neighborhood and Community Services Department, both for allegedly defaming him at a meeting of its board and for a separate incident when an inspector of the department allegedly trespassed on plaintiff's property.

I find these cases unpersuasive in this context. The Tenth Circuit case, Wilkes, is not controlling in this court. Additionally, only three years prior to Wilkes, the Tenth Circuit had noted that "[n]o other court applying the transactional test has held that suits arising from the same employment relationship are thereby necessarily grounded upon the same transaction." Yapp v. Excel Corp, 186 F.3d 1222, 1228 (10th Cir. 1999). In MacIntyre, the court never defined "the

5

transaction" as the entire employment relationship, as Midwest suggests. Finally, Jordan does not involve an employment relationship at all, and its facts are significantly different from the facts of this case. Accordingly, defendant's conception of "the transaction" is overbroad.

Instead, I find that the DeMaine's two cases arise out of different transactions or occurrences. DeMaine's claims in her state court case arise out of Midwest's alleged underpayment of commissions to "[a]ll persons employed by [Midwest] as a Sales Representative in the past five years." [ECF Doc. No. 8-1, p. 3]. These claims extend beyond DeMaine's own employment relationship with Midwest. They arise from payroll processing actions taken by Midwest for the preceding five years and have no alleged link to her termination or harassment at the hands of supervisors. Likewise, DeMaine's harassment claims have no alleged connection to payroll processing actions. Under these circumstances, DeMaine's claims, as alleged in her state and federal complaint, arise out of different transactions or occurrences.

DeMaine's claims could still fail the "transaction" test if "the parties, subject matter and evidence necessary to sustain the claim are the same in both actions." Hutnick v. Beil, 84 S.W.3d 463, 466. Midwest does not argue this other possible grounds for claim splitting. Instead, Midwest acknowledges that evidence relevant to the gender discrimination claim "may not be directly relevant to [DeMaine's]

6

state-law claim." [ECF Doc. No. 14, p. 3.] Midwest then seeks to place the burden on DeMaine, stating that "Plaintiff fails to establish that a jury could not hear" evidence for both claims together. Id. This argument misconstrues the "transaction" test for splitting that Midwest relies on. The test is not whether evidence for two theories can be presented in the same case. Instead, the test is whether evidence for the two claims is "the same." Hutnick v. Beil, 84 S.W.3d at 466. Midwest has not shown that any evidence that would be offered in DeMaine's state class action would also be offered in her federal gender discrimination suit.

As a result, I find that DeMaine has not improperly split her claims. Midwest's defense of claim-splitting fails because DeMaine's state court and federal court claims arise from a different transaction or occurrence.

Accordingly,

**IT IS HEREBY ORDERED** that Midwest's motion to dismiss is **DENIED**.

RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 13th day of November, 2017.